UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAEL URENA SEPULVEDA,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No. 26-cv-04373-JST

**ORDER GRANTING PRELIMINARY INJUNCTION**

Re: ECF No. 2

Petitioner Isael Urena Sepulveda filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General, in their official capacities.  ECF No. 1.  Urena Sepulveda filed an application for a temporary restraining order ("TRO") seeking release from detention, ECF No. 2, which the Court granted, ECF No. 6.  The Court also ordered Defendants to show cause as to why a preliminary injunction should not issue.  *Id.*  The Court now grants a preliminary injunction.

I.      **BACKGROUND**

        A.      **Factual Background**

        Urena Sepulveda is a Mexican citizen who first entered the United States in 1989 and most recently entered in or around the year 2000.  ECF No. 1 ¶ 17.  Urena Sepulveda lives in Napa with his wife, who is U.S. permanent resident, and four children, who are U.S. citizens.  *Id*. ¶¶ 18–19.  Urena Sepulveda is an agricultural worker in Napa.  *Id*. ¶ 20.

        Urena Sepulveda was arrested by DHS in April 2016 in Napa.  *Id*. ¶ 22.  DHS issued him a notice to appear that placed him in removal proceedings under § 240 of the Immigration and

Naturalization Act (8 U.S.C. 1229(b)), charging him as a person present in the United States without admission or parole under INA §212(a)(6)(A)(i).  ECF No. 2-2 at 2; ECF No. 2-1 at 23–25.  Urena Sepulveda was released on bond by an immigration judge in the same year.  *Id.* at 3; ECF No. 2-1 at 40.  In 2017, Urena Sepulveda filed an EOIR-42B application for the cancellation of removal and adjustment of status for certain nonpermanent residents, which USCIS received on October 24, 2017.  ECF No. 2-2 at 2; ECF No. 2-1 at 36.  In his EOIR-42B application, Urena Sepulveda described the hardship his family would experience upon his removal, including that his youngest son is dependent upon Urena Sepulveda and suffers from emotional and behavioral health problems.  ECF No. 1-1 at 6.  Urena Sepulveda is scheduled for a hearing on his petition for cancellation of removal under INA 240(a) in San Francisco Immigration Court on March 26, 2027.  ECF No. 2-1 at 3.

In their opposition, Respondents allege that Urena Sepulveda was arrested for domestic violence and vandalism in June 2019 and convicted of misdemeanor disturbing the peace in 2020.  ECF No. 8 at 6.  Respondents also allege that Enforcement and Removal Operations ("ERO") scheduled an interview with Urena Sepulveda on March 4, 2026 to conduct a custody redetermination.  ECF No. 8-1 ¶ 14.  The notice of the interview, set for March 25, 2026, was sent only to Urena Sepulveda's bond obligor.  *Id*. ¶ 15.  Urena Sepulveda did not appear for the interview.  *Id*. ¶ 16.

On May 12, 2026, Urena Sepulveda was detained by ICE on his way to work and taken to the .  ICE Detention Facility at 630 Sansome Street in San Francisco.  ECF No. 1 ¶ 2.  Shortly thereafter, Urena Sepulveda filed a habeas petition and motion for a TRO shortly afterward, seeking release from ICE detention and an injunction preventing his re-detention without a hearing.  ECF Nos. 1, 2.  The Court granted the TRO and issued an order to show cause why it should not issue a preliminary injunction.  ECF No. 6 at 5.  Respondents filed an opposition on May 15, 2026, ECF No. 8, and Urena Sepulveda filed a reply on May 19, 2026, ECF No. 9.  The Court held a hearing on the preliminary injunction on May 21, 2026.

## II.    LEGAL STANDARD

The Court applies a familiar four-factor test on both a motion for a temporary restraining

order and a motion for preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winters v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Where the plaintiff does not establish a likelihood of success on the merits but merely establishes "serious questions going to the merits," a preliminary injunction may still issue if the plaintiff can show that the balance of hardships "tips sharply in [his] favor," irreparable injury is likely, and the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## III.    DISCUSSION

The Court finds that issuance of a preliminary injunction is justified because there are "serious questions going to the merits," Urena Sepulveda is likely to suffer irreparable harm, and the balance of hardships tips sharply in his favor. *See All. for the Wild Rockies*, 632 F.3d at 1135.

Urena Sepulveda has demonstrated a likelihood of success on the merits of his claim that the Due Process Clause of the Fifth Amendment to the United States Constitution entitles him to a hearing before a neutral adjudicator before he can be re-detained. ECF No. 9 at 1–2. "[Petitioners have] a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioner[s] to a bond hearing before an immigration judge prior to any arrest or detention." *Larios v. Albarran*, No. 25-CV-08799-AMO, 2025 WL 2939223, at *2 (N.D. Cal. Oct. 16, 2025) (citing *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025)); *see also Pablo Sequen v. Kaiser*, 793 F. Supp. 3d 1114, 1119 (N.D. Cal. 2025) (holding that "the Due Process Clause entitles Ms. Pablo Sequen (and other similarly situated immigrants) to a bond hearing before an immigration judge prior to any arrest or detention."); *Guillermo M.R. v. Kaiser*, No. 25- CV-05436-RFL, 2025 WL 1810076, at *1 (N.D. Cal. June 30,

2025). As the Court found in granting the motion for the temporary restraining order, all three factors relevant to the due process inquiry set out in *Matthews v. Eldridge,* 424 U.S. 319 (1976), "require that [Urena Sepulveda] be immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody." ECF No. 6 at 4. There is no evidence that the material facts have changed since the TRO was granted.

Respondents argue that Urena Sepulveda cannot show a likelihood of success on the merits because, even though he was released under 8 U.S.C. § 1226(a), he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 8 at 9–10. As Respondents acknowledge, this Court and every other court in this district that has considered the question has granted preliminary injunctive relief, concluding that Section 1225(b) does not apply. *Bautista Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025); *Orozco Acosta v. Bondi*, No. 25-CV-09601-HSG, 2025 WL 3229097, at *2 (N.D. Cal. Nov. 19, 2025); *Salcedo Aceros v. Kaiser*, 25-cv-06924-EMC, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Jimenez Garcia v. Kaiser et al.*, 25-cv-06916-YGR, 2025 WL 3500767 at *3–5 (N.D. Cal. Aug. 29, 2025); *Calderon v. Kaiser*, No. 5:25-cv-06695-AMO, 2025 WL 2430609, at *3 (N.D. Cal. Aug. 22, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2025 WL 2419263, at *3–4 (N.D. Cal. Aug. 21, 2025). The Court joins these colleague courts and affirms its own prior rulings in finding that Urena Sepulveda's detention is not governed by Section 1225(b).

Respondents next argue that a nearly seven-year-old arrest for domestic violence (which resulted in a misdemeanor conviction for disturbing the peace) and a missed interview with ERO in March 2026 (that only Urena Sepulveda's bond obligor, at best, was informed of) are sufficient to establish a change of circumstances justifying re-detention. ECF No. 8. at 11. The Court is not persuaded by this argument. In similar cases, courts have found that there were serious questions going to the merits weighing in favor of injunctive relief when the only change of circumstance justifying re-detention was a recent arrest for domestic violence. *Larios v. Albarran*, No. 25-cv-08799-AMO, 2025 WL 2939223, at *2 (N.D. Cal. Oct. 16, 2025); *Orozco Velazquez v. Albarran*, No. 26-cv-04111-JD, ECF No. 11 (N.D. Cal. May 15, 2026) (granting a preliminary injunction

United States District Court
Northern District of California

when respondents claimed that an arrest for domestic violence constituted a change in circumstance such that re-arrest was justified). The government cites no authority holding that a missed ERO appointment—assuming that the obligor actually received notice of the appointment—is sufficient to change the analysis, and the Court continues to find that Urena Sepulveda has demonstrated serious questions going to the merits on his due process claim.

Respondents also rely on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 108 (2020) to argue that Urena Sepulveda is not entitled to claim any greater due process right other than what is provided by statute because he is an alien present in the United States without having been admitted. ECF No. 8 at 11. Courts in this district have routinely found that *Thuraissigiam* only concerns "the due process afforded to aliens seeking initial entry and challenging their exclusion," not "the due process rights of a noncitizen to remain free once released." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) (citation modified); *Orozco Acosta v. Bondi*, No. 25-CV-09601-HSG, 2025 WL 3229097, at *3 (N.D. Cal. Nov. 19, 2025). Consistent with that interpretation, the Court does not read *Thuraissigiam* to undermine Urena Sepulveda's due process claim.

The Court also finds that Urena Sepulveda is likely to suffer irreparable harm in the absence of a preliminary injunction. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). [T]he Ninth Circuit has recognized in "concrete terms the irreparable harms imposed on anyone subject to immigration detention" including "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." *Hernandez v. Sessions*, 872 F.3d 976, 995–96 (9th Cir. 2017). In addition to the harm Urena Sepulveda himself would suffer—which is sufficient to show irreparable harm— Urena Sepulveda's detention would deprive his wife and four children of the financial, emotional, and familial support that he provides. His youngest son who suffers from mental health issues would be deprived of the emotional and mental support that his father provides.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

The Court further finds that the last two *Winter* factors, balance of the equities and the public interest, weigh heavily in favor of preliminary injunctive relief. "When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "[T]he public has a strong interest in upholding procedural protections against unlawful detention . . . and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (quotations and citations omitted). As the court in *Diaz v. Kaiser* concluded:

> The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering. . . . Without the requested injunctive relief, Petitioner-Plaintiff might be abruptly taken into ICE custody, subjecting both him and his family to significant hardship. Yet the comparative harm potentially imposed on Respondents-Defendants is minimal—a mere short delay in detaining Petitioner-Plaintiff, should the government ultimately show that detention is intended and warranted.

No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citation modified).

Accordingly, the Court will issue a preliminary injunction.

The Court lastly addresses the question of security. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citation modified). The Government does not argue that the Court should require Urena Sepulveda to give security, and the Court sees no realistic likelihood of harm from the issuance of an injunction. The Court finds that no security is required here.

## CONCLUSION

For the reasons set forth above, the Court enters a preliminary injunction in favor of Petitioner. Respondents are enjoined from re-detaining Petitioner without notice and a pre-

deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention. This order shall remain in effect until further order of the Court. No security is required. The parties shall meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment.

**IT IS SO ORDERED.**

Dated: May 21, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California